## SHEFFIELD *et al.* v. SHEFFIELD, administrator.

1. " 'In a civil cause, it is good cause of challenge that a juror has expressed an opinion as to which party ought to prevail, or that he has a wish or desire as to which should succeed.' Penal Code (1910), § 859. A party may avail himself of this cause of challenge by motion to put the jurors on their voir dire. In such case the court may propound the questions indicated in the code section to each juror, or he may propound them to the entire panel, adopting such plan as will assure a response to each question from each individual juror. This is accomplished when the judge, after propounding the questions, directs that any juror answering both or either questions in the affirmative shall stand up. A preliminary oath should

be administered to the jurors before propounding the questions; but if this is inadvertently omitted and the attention of the court is not called thereto, it is too late after verdict to make this objection for the first time."

2. The refusal of the court to sequester the witnesses, under the facts recited in the motion for a new trial, was not such an abuse of discretion as to require the grant of a new trial.

3. The objections to the introduction of certain deeds, fi. fas., and other documentary evidence, on the ground that the originals were not accounted for, do not show ground for the grant of a new trial, as there was sufficient evidence of the loss of the originals to allow the introduction of copies.

4. Many of the objections made to the admission of evidence, in stating the grounds of the objection, fail to show affirmatively that the defects alleged existed as a matter of fact, and merely recite the objections that were made thereto; and, as has been repeatedly ruled, this is not evidence of the existence of the facts stated in the objection.

5. The objection to deeds and other muniments of title, on the ground that it does not appear that the land described in the deed or other instrument is the same land as that sued for, is without merit, as parol evidence would be admissible to identify the land described in the instrument as the land sued for.

6. There was sufficient evidence to authorize the verdict in this case.

No. 1745. SEPTEMBER 16, 1920.

Equitable petition. Before Judge Highsmith. Camden superior court. October 4, 1919.

*Emmett McElreath* and *D. W. Krauss,* for plaintiffs in error.
*Cowart & Vocelle* and *S. C. Townsend,* contra.

BECK, P. J. 1. The first ground of the amendment to the motion for a new trial assigns error upon the refusal of the court to grant the motion of counsel for plaintiffs in error, that each of the jurors called in the case be separately sworn as to their competency or incompetency, partiality or impartiality, and that the members of the panel be separately put upon their voir dire. When this motion was submitted, the court declined to have each of the jurors separately sworn and examined, but instead the court propounded to all the panel of twenty-four jurors the following questions: (1) "Have you any prejudice or bias on your minds either for or against either of the parties to this case?" (2) "Is your mind perfectly impartial between the parties to this case, the plaintiff and defendants; if not stand up?" (3) "Or, if you have any desire or preference as to which party should prevail, the plaintiff or defendants; if so stand up."

In the brief of counsel it is argued that as the defendants (the plaintiffs in error) requested that the jurors be first sworn and then examined as to qualification, and as the court did not first swear any of the jurors as to their competency but proceeded to ask all the jurors collectively the questions above quoted, this was error. If by this argument it is meant that the court erred in not swearing the jurors that they should true answers make to the questions propounded when they were put upon their voir dire, it may be observed that no exception of this kind was taken in the ground of the motion under consideration, nor in any of the other grounds of the motion for a new trial; and the argument in the brief, that the court should have permitted counsel for the litigant making the motion to first have the jurors sworn "true answers to make to such questions as may be propounded to you by the court or its authority, touching your competency to try the case at bar," is beside the question. The only objection urged in the motion for a new trial itself is that indicated above,— the administering of the voir dire questions to the entire panel. This question has already been settled. " 'In a civil cause it is good cause of challenge that a juror has expressed an opinion as to which party ought to prevail, or that he has a wish or desire as to which should succeed.' Penal Code (1910), § 859. A party may avail himself of this cause of challenge by motion to put the jurors on their voir dire. In such case the court may propound the questions indicated in the code section to each juror, or he may propound them to the entire panel, adopting such plan as will assure a response to each question from each individual juror. This is accomplished when the judge, after propounding the questions, directs that any juror answering both or either questions in the affirmative shall stand up. A preliminary oath should be administered to the jurors before propounding the questions; but if this is inadvertently omitted and the attention of the court is not called thereto, it is too late after verdict to make this objection for the first time." *Hilton & Dodge Lumber Co.* v. *Ingram,* 135 *Ga.* 696 (70 S. E. 234).

2. In the second ground of the amended motion for a new trial is contained an exception upon the refusal of the court to sustain a motion made by the counsel for defendants to se-

quester the witnesses. Counsel moved and requested the court to place the witnesses for the plaintiff under the rule. As appears from the note made by the court, " H. F. Sheffield was permitted to remain in court, as being familiar with the case, the administrator not being." The witness named was one of the heirs of the estate of which the defendant, J. W. Sheffield, was administrator; and it appears from the note of the judge that on account of his familiarity with the facts of the case he was permitted to remain in court, and was examined as a witness. While it would have been more in accordance with the spirit of the rule to have excluded H. F. Sheffield, at any rate, until after he had testified, nevertheless the refusal of the court to sequester the witness was not such an abuse of discretion as requires the grant of a new trial.

3-6. The rulings made in headnotes 3 to 6, inclusive, require no elaboration. And the grounds of the motion for a new trial not covered by the foregoing rulings show no cause for the grant of a new trial.

　*Judgment affirmed. All the Justices concur.*