## 28249. PADGETT *v.* PADGETT.

BROYLES, C. J. 1. "In a civil cause it shall be good cause of challenge that a juror has expressed an opinion as to which party ought to prevail, or that he has a wish or desire as to which shall succeed. A party may avail himself of this cause of challenge by motion to put the jurors on their voir dire. In such case the court may propound *the questions indicated in this section* to each juror, or he may propound them to the entire panel, adopting such plan as will assure a response to *each* question from each individual juror." (Italics ours.) Code, § 59-705; *Atlanta Coach Co.* v. *Cobb,* 178 *Ga.* 544 (174 S. E. 131). (*a*) "This is accomplished when the judge, *after propounding the questions,* directs that any juror answering *both* or *either* questions in the affirmative shall stand up." (Italics ours.) *Sheffield* v. *Sheffield,* 150 *Ga.* 440 (104 S. E. 213). (*b*) The above-quoted Code section, properly construed, means that when a party, by timely motion, asks the court to put the jurors on their voir dire, the judge *must* do so by propounding to them the two questions set forth in the section, or equivalent questions, but he *may* propound them to each individual juror, or to the entire panel.

2. In the instant civil cause the defendant, on the call of the case for trial, made a motion that the jurors be put on their voir dire. The motion was overruled; but shortly thereafter the court stated to the jury: "I will ask the jurors all, if they have any interest in this case, or if they are partial to either side in the case, to please stand up. If any of you

jurors are, please stand up." None of the jurors stood up. This ruling of the court was assigned as error, on the ground "that what was done by the court was not the equivalent of putting the jurors on their voir dire, but was the equivalent of overruling the motion of movant to put the jurors on their voir dire." The questions which section 59-705 of the Code requires to be propounded to the jurors are: (1) whether any one of them "has expressed an opinion as to which party ought to prevail;" and (2) whether any juror "has a wish or desire as to which [party] shall succeed." The questions actually propounded by the court to the jurors may have been sufficient to cover the second question, but neither of the questions.so propounded was equivalent to the first question set out in the Code section; and therefore the questions propounded by the court to the jury did not constitute a putting of the jurors on their voir dire, but, on the contrary, amounted to a refusal to do so. And the denial of that fundamental right at the beginning of the trial rendered the further proceedings in the case nugatory.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED MAY 10, 1940. REHEARING DENIED JULY 26, 1940.

*Bryan, Middlebrooks & Carter, John A. Dunaway,* for plaintiff in error. *Wade H. Watson,* contra.